Todd White
1136 57th Street
San Diego, CA 92114
Telephone | Fax: (619) 354-8752
toddcwhite619@gmail.com

Attorneys for Plaintiff

FILED
JAN 06 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD WHITE, and individual,<br><br>Plaintiff,<br><br>v.<br><br>PAYPAL, INC., a Delaware corporation, and DOES 1-10,<br><br>Defendants. | Case No.: 4:19-cv-08015-DMR<br><br>**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE RE: LACK OF JURISDICTION** |

### RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff, Todd White, hereby submits the following response to the Court's December 30, 2019, Order of to Show Cause Re: Lack of Jurisdiction as follows:

Federal courts have limited subject matter jurisdiction. Under Article III of the Constitution, federal courts may only hear "cases, in law and equity, arising under this Constitution, [and] the laws of the United States." U.S. Const, Art. III, Sec. 2. The two primary sources of federal court jurisdiction are: federal question jurisdiction, and diversity. (See, 28 U.S.C. §1331, §1332). The Supreme Court has interpreted these statutes broadly, finding that they permit federal a court to hear any case that "[a]rises under a federal law that created the cause of action." *Louisville & Nashville R. Co. v. Mottly*, 211 U.S. 149 (1908); (citing *Osborn v. Bank of the United States v.*

*Bank of the United States*, 9 Wheat. (22 U.S.) 738 (1824). Federal question jurisdiction requires that: (1) the federal element appears on the face of a well-plead complaint, (2) is a substantial component of the complainant's claim, and (3) is of significant federal interest. *Ibid*. For example, Title 18, U.S.C., Section 241 of the federal Civil Rights Act statutes makes it unlawful: "[f]or two or more persons to conspire to injure, oppress, threaten, or intimidate any person of any state, territory or intimidate any person of any state, territory or district in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or the laws of the United States." *See*, 18 U.S.C. §241.[1] Federal district court subject matter jurisdiction is frequently derived from federal statutes granting a cause of action to parties who have suffered a particular injury. *American Well Works v. Layne*, 241 U.S. 257 (1916); *See*, 28 U.S.C. §1331, §1332. Plaintiff's pro see complaint specifically pleads a "conspiracy" to defraud between PayPal and credit card issuer to injure his constitutional rights to appear in federal courts. (Ver. Compl. ¶7).[2]

For the foregoing reasons, plaintiff respectfully submits that the court has subject matter jurisdiction over this action pursuant to 28 U.S.C §1331 and §1332.

Date: January 4, 2020         By: _____/s/ Todd_____

Attorneys for Plaintiff

---

[1] *Rose v. Bank of America*, (2013) 57 Cal.4th 390. (enforcement of a criminal statute for underlying fraudulent business practices under state unfair competition law).

[2] Under state law, Mandatory Fee Arbitration Program only applies to "lawyers if requested by a client." PayPal is an electronic money transfer service incorporated with principal place of business in Delaware, not a client to plaintiff. *See, 3123 SMB LLC v. Horn*, 2018 U.S. App. LEXIS 1121 "[a] holding company's principal place of business is place where it has its board meetings, regardless of whether such meetings have already occurred, unless evidence shows that the corporation is directed from elsewhere." *Id*. The court's determination into whether "complete" diversity of the parties exists, similar to the federal question of whether there is an enforceable arbitration agreement in this case under the Federal Arbitration Act. See e.g., *Almendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal. 4th 83 (2000); *Gentry v. Superior Court*, 42 Cal.4th 443 (2007).