UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TODD WHITE,

        Plaintiff,

    v.

PAYPAL, INC.,

        Defendant.

Case No. 19-cv-08015-WHO

**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**

    More than five months have passed since I dismissed pro se plaintiff Todd White's complaint for lack of subject matter jurisdiction. Although I was skeptical that he could amend his complaint to plausibly bring claims within this court's jurisdiction, I allowed him leave to amend his complaint. Nothing has been filed to date. For the reasons set forth below, I DISMISS this case, without prejudice, for failure to prosecute.

**BACKGROUND**

    On December 30, 2019, Magistrate Judge Donna M. Ryu issued an order to show cause as to why White's complaint should not be dismissed for lack of subject matter jurisdiction because his complaint only alleged state law claims that did not give rise to federal question jurisdiction and failed to establish the existence of diversity jurisdiction. Order to Show Cause [Dkt. No. 4]. White filed a response on January 6, 2020 in which he claimed the defendant's principal place of business is in Delaware. Response to Order to Show Cause [Dkt. No. 7].

    But upon taking judicial notice of defendant's corporate Statement of Information, Magistrate Judge Ryu found that defendant's principal executive office is in San Jose, California, and therefore both parties are citizens of California. Request for Reassignment to District Judge and Report and Recommendation to Dismiss Complaint [Dkt. No. 8]. Magistrate Judge Ryu also

rejected White's attempt to add a federal claim based on a criminal statute and recommended that this case be dismissed, without leave to amend, for lack of subject matter jurisdiction. *Id.* White did not file an objection to that recommendation.

On February 27, 2020, I adopted Magistrate Judge Ryu's Report and Recommendation to dismiss this *in forma pauperis* ("IFP") action for lack of subject matter jurisdiction. Order Adopting Magistrate Judge's Report and Recommendation [Dkt. No. 10]. However, while I was skeptical that a plausible claim can be brought that would give this court jurisdiction, I gave White another opportunity to amend his complaint within twenty days. *Id.* No amended complaint has been filed to date.

## LEGAL STANDARD

It is well established that district courts have *sua sponte* authority to dismiss actions for failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010). In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Omstead*, 594 F.3d at 1084 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

## DISCUSSION

The first two factors – public interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal. As described above, White has been given multiple opportunities to amend his complaint to establish subject matter jurisdiction. More than five months has passed since my last order and he has still not filed an amended complaint. This failure to prosecute hinders my ability to move this case toward disposition and suggests that White does not intend to litigate this action diligently.

The third factor – prejudice to defendant – also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when plaintiffs unreasonably delay prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452 – 53 (9th Cir. 1994). Nothing suggests such a

presumption is unwarranted here.

The fourth factor – public policy in favor of deciding cases on the merits – ordinarily weighs against dismissal.  However, it is a plaintiff's responsibility to move toward disposition at a reasonable pace and avoid dilatory and evasive tactics.  *See Morris v. Morgan Stanley*, 942 F.2d 648, 652 (9th Cir. 1991).  White has not discharged this responsibility despite having been multiple opportunities by both me and Magistrate Judge Ryu to state a plausible claim that can be brought within this court's jurisdiction.  He was also granted sufficient time in which to amend his complaint.  Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh White's failure to file responsive documents within the time granted.

The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal.  White had an opportunity to object to Magistrate Judge Ryu's recommendation, but did not do so.  I then gave him leave to amend, but he did not do that as well.  Without an amended complaint, the original complaint is deficient for the reasons stated in Magistrate Judge Ryu's Report and Recommendation.

Altogether, the factors weigh in favor of dismissal

## CONCLUSION

This action is hereby DISMISSED without prejudice for failure to prosecute and comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August 10, 2020

WILLIAM H. ORRICK
United States District Judge